## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

**Lisec America, Inc.,**

    Plaintiff,

v.

**Heinz Wiedmayer,**
**Bystronic, Inc.,**

    Defendants.

**Civil No. 05-1082 (JRT-JJG)**

**REPORT**
**AND**
**RECOMMENDATION**

The above matter came before the undersigned on August 8, 2006 on a motion by plaintiff Lisec America for voluntary dismissal (Doc. No. 39). Lisec America is represented by David W. Larson, Esq. Defendant Heinz Wiedmayer is represented by George R. Wood, Esq. Defendant Bystronic did not appear and has not opposed the motion.

**A.**

Lisec America brings action against Mr. Wiedmayer (Wiedmayer) for breach of contract, alleging that he violated a covenant not to compete in their employment agreement. Although Lisec America also brings action against Bystronic for tortious interference with contract, that claim is not relevant to the current motion.

By a motion on October 7, 2005, Lisec America requested a preliminary injunction, seeking temporary enforcement of the covenant not to compete. By an order on November 23, 2005, Judge Tunheim denied the motion.

CASE 0:05-cv-01082-JRT-JJG   Document 53   Filed 08/23/06   Page 2 of 5

Lisec America now moves for voluntary dismissal of this matter with prejudice. It offers several reasons for doing so. The covenant not to compete in the employment contract terminated in May 2006. In order to prove that Wiedmayer violated the covenant not to compete, Lisec America would be required to pursue discovery against potential clients, which it would prefer to avoid. And due to the order denying the preliminary injunction, Lisec America concedes that it faces substantial obstacles to success in this action.

Prior to the motion, Lisec America asked the defendants to stipulate to dismissal with prejudice. Wiedmayer refused, demanding that Lisec America pay his costs and attorney fees. Lisec America responded with its current motion, seeking dismissal and a ruling that Wiedmayer is not entitled to costs or attorney fees.

Opposing the motion, Wiedmayer claims that he is entitled to costs and attorney fees under their employment agreement. In the alternative, Wiedmayer contends that where a plaintiff seeks voluntary dismissal with prejudice, a court has discretion to award costs and attorney fees. And he argues that the action by Lisec America was frivolous and thus an award of costs and attorney fees is an appropriate sanction. Bystronic has not opposed the motion to dismiss.

**B.**

Wiedmayer first asserts, under the terms of his employment agreement with Lisec America, he is a prevailing party that is entitled to costs and attorney fees. Lisec America counters that in this litigation, Wiedmayer contested the validity of this employment agreement and cannot now seek to enforce its attorney fee provision.

2

Although Minnesota law does not precisely address the enforceability of the attorney fee provision, the Eighth Circuit has considered the issue in the context of other states' laws. Where a contract allows attorney fees to be recovered, a prevailing party is one that establishes an entitlement to relief under the contract. It is not sufficient to prevail in litigation against the opposing party. *See Walton General Contractors, Inc. v. Chicago Forming, Inc.*, 111 F.3d 1376, 1384 (8th Cir. 1997) (applying Missouri law); *Kropp v. Ziebarth*, 601 F.2d 1348, 1357 (8th Cir. 1979) (applying Montana law); *cf. Northwest Airlines, Inc. v. Flight Trails*, 3 F.3d 292, 296 (8th Cir. 1993) (summarily concluding that, where a plaintiff prevailed on its claim for breach of contract following a bench trial, the plaintiff could enforce an attorney fee provision in the parties' contract).

Wiedmayer has not shown that he is entitled to relief under the employment agreement. Instead he has consistently challenged its validity and enforceability throughout this litigation. Thus Wiedmayer cannot demand costs and attorney fees under the employment agreement.

Because Lisec America is moving for voluntary dismissal, Wiedmayer alternatively argues that this Court has discretion to award costs and attorney fees under Rule 41(a)(2). This question, however, depends on whether the voluntary dismissal is with or without prejudice.

When a plaintiff moves for voluntary dismissal without prejudice, a court has discretion to award costs and attorney fees to the opposing party. The reason for the award is that, should the plaintiff commence the action once again, the defendant should not be required to pay duplicative litigation costs. *Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir. 1985); *Smoot v. Fox*, 353 F.2d 830, 833 (6th Cir. 1965).

But when a plaintiff moves for voluntary dismissal with prejudice, a court ordinarily lacks discretion to award costs and attorney fees, unless there are "exceptional circumstances." Unlike a dismissal without prejudice, there is no further risk of litigation. So in most circumstances, an award of costs or attorney fees is unwarranted. *Aerotech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997); 9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* Civil § 2366 (2d ed. 1995 & supp. 2006).

Appeals courts have identified two exceptional circumstances where an award of costs and attorney fees may be justified. One is where the plaintiff frequently files strike suits, engaging in litigation solely to inflict costs on an opposing party. *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1222 (10th Cir. 2005). The other is where the dismissal occurs on the eve of trial, after opposing parties have incurred substantial expenses preparing for trial. *Chavez v. Illinois State Police*, 251 F.3d 612, 655-56 (7th Cir. 2001).

None of these circumstances are present in the instant case, and consequently, Wiedmayer is not entitled to an award of costs or attorney fees. Although Wiedmayer interprets Rule 41(a)(2) to the contrary, he relies on authorities that involve dismissal without prejudice. *See Barnett v. Terminal Rwy. Ass'n*, 200 F.2d 893, 894 (8th Cir. 1953); *Home Owners' Loan Corp. v. Huffman*, 134 F.2d 314, 316 (8th Cir. 1943).

Wiedmayer also suggests that, because the action by Lisec America is frivolous, costs and attorney fees may be charged as a sanction. Even if such sanctions are appropriate, Wiedmayer is required to proceed with a motion for sanctions under Rule 11(c). In the absence of such a motion, it is an abuse of discretion for a court to award costs and attorney fees. *Norsyn, Inc. v. Desai*, 351 F.3d 825, 831 (8th Cir. 2003).

**C.**

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. Lisec America's motion for voluntary dismissal (Doc. No. 39) be **GRANTED.**

2. This matter be **DISMISSED WITH PREJUDICE.**

3. No costs or attorney fees be awarded to any party.

Dated this 23rd day of August, 2006.　　　　　　　　　s/Jeanne J. Graham

　　　　　　　　　　　　　　　　　　　　　　　JEANNE J. GRAHAM
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

**NOTICE**

Pursuant to D. Minn. LR 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by September 12, 2006. A party may respond to the objections within ten days after service. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this report and recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.